ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

ROLLO S. HEWITT'S CASE.

Suffolk.   October 20, 1915. — September 13, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.   Insurance,* Agent.   *Automobile.*

If a life insurance agent accepts an invitation to go to another city in the automobile of a person whom he is trying to persuade to take out a policy and who wishes to discuss further the matter of the proposed insurance and as a result of their conversation on the trip the owner of the automobile decides to take out a policy, and if on their way back the automobile "turns turtle" and the insurance agent is injured, in a claim made by him under the workmen's compensation act it cannot be found that the injury was one "arising out of" his employment.

In the case above stated, the question, whether a life insurance agent is an employee within the meaning of the workmen's compensation act, was mentioned as one which it was not necessary to decide in the present case.

*It seems* that an injury from a peril incident to the voluntary use by an employee of an automobile as a vehicle of travel does not arise out of the employment of the traveller, although he may have been travelling in the course of his employment.

PIERCE, J.   The findings of the Industrial Accident Board in substance are:  That Rollo S. Hewitt was in the employ of the John Hancock Mutual Life Insurance Company as an insurance agent attached to its office in Taunton, previously to and on September 23 and 24, 1913;  that it is customary for insurance agents

to see prospective customers whenever and wherever it is most convenient and agreeable for such persons to be seen by them; that Hewitt at different times had talked with one Pierce on life insurance; that Pierce, having occasion to go in his automobile to Providence, Rhode Island, and desiring further to discuss the policy, invited Hewitt to accompany him; that the trip, in the going and returning, was expected to be made in three hours; that Hewitt went believing that he could further the interests of his employer and have another chance to close the contract of insurance; that as a result of the discussion had during the night of September 23, 1913, Pierce decided to take out a policy; that shortly before reaching Providence the machine broke down; that the machine was repaired during the forenoon of September 24, 1913; that after some slight delay they started back; that at about 1.15 A. M., just after passing the Taunton line, the machine "turned turtle," throwing out and injuring both Hewitt and Pierce. The only question is whether this accident was one arising out of and in the course of the employment of Hewitt.

The field of Hewitt's employment, measured and limited not by material space but by his ability to find, interest and retain as customers persons interested in providing for the whole or partial future independence of themselves and of those dear to them, in a sense was boundless. The time for work and the manner and method to be followed in its successful pursuit necessarily rested in the judgment of the agent, founded upon his experience and skill. In going to Providence, Rhode Island, the agent plainly did not leave the field within which he was authorized to work for his employer; nor, in availing himself of the opportunity for legitimate persuasion granted to him by Pierce, did he violate any express or implied condition of his employment.

In the prosecution of the business of soliciting insurance Hewitt was independent. While authorized and expected to go where there was any reasonable prospect of securing a customer, his time and his method of procedure were his own. He might travel on foot, on horseback, by trolley, train or automobile. He might write, telephone or telegraph. He was wholly free as to time, place or weather. Under such circumstances, when one accepts an invitation to travel by automobile, an injury received is not one "arising out of" his employment.

The danger incident to the use of an automobile is not a "causative danger" "peculiar to the work," but is a risk which is common to all persons using one. The injury cannot be said reasonably to have been contemplated as the result of the exposure of the employment. *Sheldon* v. *Needham,* [1914] W. C. & Ins. Rep. 274. *Slade* v. *Taylor,* [1915] W. C. & Ins. Rep. 53. *McNicol's Case,* 215 Mass. 497. Compare *Pierce* v. *Provident Clothing & Supply Co. Ltd.* [1911] 1 K. B. 997.

It becomes unnecessary to decide whether Hewitt was an employee within the meaning of the workmen's compensation act.

The decree of the Superior Court * appealed from is reversed, and a decree must be entered declaring that the employee has no claim against the insurer.

*So ordered.*

*W. B. Luther,* for the insurer.
*H. F. Hathaway,* (*J. E. Warner* with him,) for the employee.

———

* Entered by order of *Jenney,* J.