### PATRICK M. DONAHUE'S CASE.

Suffolk.   March 28, 1917. — May 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act.*

Where one employed as a travelling salesman on returning from a business visit was walking along a street that "was a mass of ice" on his way to an electric car line to take a car for a town to sell some goods there and slipped upon the ice, sustaining injury, it was *held* that his injury, although received in the course of his employment, did not arise out of it within the meaning of the workmen's compensation act, being due to a hazard common to persons engaged in any employment who had occasion to travel along the streets.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board making an award to Patrick M. Donahue who was employed by Thomas J. Flynn and Company, dealers in church goods having their salesrooms in Boston.

The case was heard by *Jenney*, J. The evidence before the arbitration committee and the Industrial Accident Board is de-

scribed in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on a brief for the insurer.

*E. I. Taylor,* for the insurer.

No brief was filed for the employee.

CROSBY, J. The evidence presented to the arbitration committee was in substance as follows: The claimant, who was employed by Thomas J. Flynn and Company in the sale of church goods, on February 21, 1916, left his employer's place of business in Boston and proceeded by train to Lowell and thence by electric cars to the village of Collinsville in Lowell. Upon leaving the electric cars, he went to the house of a clergyman, which was distant about ten minutes' walk from the car line, and after completing his business there left and started to walk back. He had proceeded about thirty-five or forty feet when he slipped on the ice and fell, sustaining a broken ankle. When injured he was walking in the middle of the street, the sidewalk being impassable on account of ice. He was employed principally as a travelling salesman, but worked in the store during the Christmas and Easter seasons. More than half of the time he was outside his employer's store visiting different places throughout New England for the purpose of selling church goods. He travelled by steam railroads, electric cars, and on foot, — using cars when available. When he left the house of the clergyman he intended to take a car to Lexington to sell some goods there. The committee found that the employee received an injury in the course of and arising out of his employment.

At the hearing before the Industrial Accident Board, in addition to the evidence before the committee above recited, the employee testified: "I was going to get a car to Lexington when I fell. The street was a mass of ice. I never saw anything like it before or since."

The finding that the injury was received in the course of the employment was warranted. The question remains whether there was any evidence that the injury arose out of the employment. An injury arises out of the employment when there is a causal connection between the conditions under which the work is to be performed and the resulting injury. An injury cannot

be found to have arisen out of the employment unless the employment was a contributing, proximate cause. If the risk of injury to the employee was one to which he would have been equally exposed apart from his employment, then the injury does not arise out of it. As was said by this court in *McNicol's Case*, 215 Mass. 497, at 499, "The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant."

The undisputed evidence shows that while the employee was walking along the street in the course of his employment on his way to the electric car line, he slipped upon the ice and received the injury for which he seeks compensation. Manifestly the injury so received did not result in any proper sense from a risk incidental to the employment. It seems plain that the danger of the employee slipping upon the ice in a public street was not peculiar to his work, but was a hazard common to persons engaged in any employment who had occasion to travel along the streets. The risk of slipping upon the icy pavement was common to the public who had occasion to pass over it on foot. It was a danger due to climatic conditions to which persons in that locality, however employed or if not employed at all, were equally exposed. *McNicol's Case*, 215 Mass. 497. *Milliken's Case*, 216 Mass. 293. *Fumiciello's Case*, 219 Mass. 488. *Hewitt's Case*, 225 Mass. 1. *Warner* v. *Couchman*, 4 B. W. C. C. 32. Compare *McManaman's Case*, 224 Mass. 554. *Kitchenham* v. *Steamship Johannesburg*, 4 B. W. C. C. 311. *Mitchinson* v. *Day Brothers*, 6 B. W. C. C. 190. *Hopkins* v. *Michigan Sugar Co.* 184 Mich. 87. *DeVoe* v. *New York State Railways*, 218 N. Y. 318.

As the hazard of slipping on the ice in the street was not a causative danger peculiar to the claimant's employment, the injury received could not properly be found to have arisen out of the employment.

The decree of the Superior Court must be reversed, and a decree entered in favor of the insurer.

*So ordered.*