## JOHN KEANEY'S (dependent's) CASE.

Suffolk.    January 9, 1919. — April 2, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.*

Within the meaning of the workmen's compensation act an injury arises out of the
employment if there was a causal relation between the employment and the
injury which was not so remote as to preclude a legitimate inference that the
risk that resulted in the injury was incidental to the character or to the con-
ditions of the employment.

A teamster employed to deliver packages was driving over a bridge in returning
after making a delivery, when his hat, which contained receipts for the packages
he had delivered, blew off, and he stopped his horses and got down from his
wagon to recover his hat and pick up the papers, and while doing this he was
struck by a motor car and was injured fatally.   In a claim under the workmen's
compensation act by his dependent it was *held* that a finding was warranted
that the injury which resulted in the death of the employee arose out of as well
as in the course of his employment.

APPEAL to the Superior Court under the workmen's compensa-
tion act from a decision of the Industrial Accident Board award-
ing compensation to Charles F. Keaney as the dependent next of
kin of John Keaney, whose death was alleged to have resulted
from an injury received by him on September 5, 1917, from being
knocked down by a motor car when he was employed as a teamster
by T. Libby and Company of Boston.

The case was heard by *Jenney*, J.   The evidence reported by
the Industrial Accident Board is described in the opinion.   The
judge made a decree in accordance with the decision of the board;
and the insurer appealed.

L. C. Doyle, (D. Knowlton with him,) for the insurer.

J. J. Hayes, for the claimant, submitted a brief.

PIERCE, J.   This is an appeal by the insurer from a decree of
the Superior Court entered in accordance with a finding of the
Industrial Accident Board under St. 1911, c. 751, and the acts
amendatory thereof.

The evidence submitted to the board member and on review to
the Industrial Accident Board warranted the following findings
and rulings:

1. John Keaney, a teamster, while engaged in the performance of his duties on September 5, 1917, received the injuries which caused his death on September 19, 1917. He was driving across Prison Point Bridge, having finished making a delivery, when the wind caused papers which were within his hat to be blown out upon the public highway. Keaney stopped his horses, got down from his wagon for the purpose of collecting the papers (certain receipts pertaining to his work as a teamster), and while so doing was struck and fatally injured by a passing automobile.

2. The claimant is, and was at the time of his father's injury and death, mentally incapacitated from earning; he is presumed to be wholly dependent for support upon the employee, and is entitled to a weekly compensation of $10 for a period of four hundred weeks from September 5, 1917, subject to the provisions of the act.

Conceding that the claimant was totally dependent on the deceased employee, and that the employee was in the course of his employment in leaving his wagon, the insurer contends that the injury Keaney received did not arise out of his employment within the meaning of the words as used in the workmen's compensation act, because the action of picking up papers blown from the employee's hat into the street "was not an inevitable and frequent incident of his work," "was not a 'necessary concomitant of the occupation the man is engaged in,'" but "was merely an isolated instance of a danger peculiar to the whole public." In support of its position the insurer quotes from *McNicol's Case,* 215 Mass. 497, 499, the negative statement that "it [that is, the phrase 'arising out of his employment'] excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment;" and from Cozens-Hardy, M. R., in *Sheldon* v. *Needham,* 7 B. W. C. C. 471, that "there must be some special risk incident to the particular employment, a risk which imposes a greater danger upon the employee than upon an ordinary member of the public."

The words quoted from *McNicol's Case, supra,* were not intended in any degree to impair the force and strength of the immediately preceding, affirmative, explicit assertion that "if the

injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment." The definition of the phrase "arising out of" the employment in *McNicol's Case, supra,* decides that the injury grows out of the employment if in fact there was a causal relation between the employment and the injury which was not so remote as to preclude a legitimate inference that the risk which resulted in the injury was incidental to the character of the employment, or to the conditions of the employment which exposed the workman to the injury. *Sundine's Case,* 218 Mass. 1. *Reithel's Case,* 222 Mass. 163. *Stacy's Case,* 225 Mass. 174. *Hallett's Case, ante,* 49. *Cranney's Case, ante,* 149.

*Harbroe's Case,* 223 Mass. 139, *Hewitt's Case,* 225 Mass. 1, *Moore's Case,* 225 Mass. 258, and *Donahue's Case,* 226 Mass. 595, are cases where the causative relation between injury and employment was too remote to charge the employment with the risk of the particular injury received; while the injury received in *Reithel's Case, supra,* flowed from the employment "as a rational consequence."

In the case at bar the employment of Keaney to drive a team through the public streets and deliver goods required of him every reasonable and lawful effort to accomplish his task. His work did not require him to stay on his wagon. He was bound in the performance of his duty to use the street to deliver goods, to regain packages or papers fallen from the wagon, as also to care for his horses, adjust the harness and repair the wagon, if necessary. It is manifest he might be injured while in the street in the performance of duty, and it is plain his employment therein exposed him to the particular injury he received.

*Decree affirmed.*