JOHN MORAN'S (dependent's) CASE.

Suffolk.    December 9, 10, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.    *Insurance,* Agent.    *Agency,* Scope of employment.    *Proximate Cause.*

A solicitor and collector in the employ of an insurance company, leaving his house in the late afternoon to make collections for his employer and to solicit some "ordinary insurance" which his superior officer desired him to obtain that day, ran to catch up with a street car and to board it at its next stopping place and fell against the left hand front fender of the car and received injuries which resulted in his death. In a proceeding under the workmen's compensation act brought by his widow, it was *held* that the injury and death were the result of a risk of the workman's employment which might be found not to have been too remote in its causal relation to the injury to permit recovery under the act.

An insurance solicitor and collector, to do the work of his employment in a city, which compelled him to make use of the public streets and to ride in street cars to call on prospective purchasers of new insurance and to make collections on his route, continually must stand in danger of receiving an injury from accidents resulting from exposure to whatever risks and hazards are commonly attendant on the use of the public streets and conveyances, which risks to him are greater, because more constant, than those that are incident to the occasional and casual use of such streets and conveyances by persons who use them in the ordinary way.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board awarding compensation to Margaret Moran, widow of John Moran, whose death was alleged to have resulted from an injury received by him in the late afternoon of January 2, 1919, as described in the opinion, when he was in the employ of the John Hancock Mutual Life Insurance Company.

In the Superior Court, the case was heard by *Lawton*, J. The evidence and findings reported by the Industrial Accident Board are described in the opinion. By order of the judge, a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*G. Gleason,* for the insurer.

*B. J. Killion,* for the claimant.

PIERCE, J. The evidence warranted a finding that the decedent, who was a solicitor and collector in the employ of the John Hancock Mutual Life Insurance Company, on the evening of January 2, 1919, left his home on Harvard Avenue, Dorchester, intending to take a surface car, running to Dudley Street, at a white post opposite Harvard Avenue on Washington Street; that the car had passed the white post without stopping before he had an opportunity to board it; that he then ran from Harvard Avenue diagonally across Washington Street in the direction of the car; that the next stop was at Norwell Street, five hundred feet beyond; that he was on his way to take the car at Norwell Street; that he was struck by the front left hand fender, as he ran by the side of the car in the space between the outbound and inbound rails; that he fell on the left hand corner of the car, and died the following morning.

The immediate reason of his leaving home to take the street car was to make certain collections and to solicit some "ordinary insurance" which his superior officer desired him to obtain that day. His employment compelled him "to make use of the public streets and to ride in street cars to call on prospective purchasers of new insurance" and to make collections on his route. Upon the facts the insurer contends that the hazards of the street in their relation to the employment of the decedent are hazards common to persons engaged in any employment who have occasion to travel along the streets and are not a causative danger peculiar

to Moran's employment, and cites as authorities for his position *Hewitt's Case*, 225 Mass. 1, and *Donohue's Case*, 226 Mass. 595. These were cases "where the causative relation between injury and employment was too remote to charge the employment with the risk of the particular injury received." *Keaney's Case*, 232 Mass. 532, 534.

In the case at bar, the workman, to do the work of his employment, must continually stand in danger of receiving an injury from accidents resulting from exposure to whatever risks and hazards are commonly attendant on the use of public streets and conveyances, which risks to him are greater because more constant than those that are incidental to the occasional and casual use of such streets by persons who use them in the ordinary way. We are of opinion that the risk and hazard of the decedent's employment were not too remote in their causative relation to the employment; and that the case is governed by *Keaney's Case*, *supra*, and similar cases, and is distinguishable from *Hewitt's Case*, *supra*, and from *Donohue's Case*, *supra*.

*Decree affirmed.*