HENRY BRALEY'S CASE.

Suffolk.    November 10, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.    *Proximate Cause.*

If, upon the hearing of a claim under the workmen's compensation act by an insurance solicitor and collector, it appears only that the claimant in the course of his employment, while carrying a "grip" in his left hand, stepped with his right foot to the ground from a street car and that his ankle turned over, and it does not appear what caused the ankle to turn, the causative relation between the claimant's employment and the injury is left remote and speculative, and the claim must be dismissed.

..CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board that injuries received by Henry Braley on April 12, 1919, while in the employ of John Hancock Mutual Life Insurance Company, arose out of and in the course of his employment and that he was entitled to compensation therefor.

In the Superior Court, by order of *Hammond*, J., a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

. *G. Gleason*, for the insurer.

*J. V. Sullivan*, for the claimant, submitted the case without argument or brief.

· PIERCE, J. The evidence warranted a finding that the claimant on April 12, 1919, was in the employ of the John Hancock Mutual Life Insurance Company as a collector of industrial insurance premiums, for which he received a salary of $16.70 a week and a bonus; the "salary and bonus amounted to $1,201 last year." He was allowed to sell ordinary insurance, which "is insurance in which the policy holder pays his premium either quarterly, semi-annually, annually or in advance." For such work he was paid a commission. "Industrial insurance is insurance where a.person pays so many cents a week." As a collector of industrial insurance he had a route, called a debit, in which there are certain policy holders who pay their premiums weekly. He lived at Lakeville, about a mile and three quarters from the office of the insurance company in Middleborough. It was his custom to ride back and forth to work on the trolley cars. "The company would have had no objection to him driving a horse and wagon to work and around his route, nor would it have objection to him using an automobile to cover his route." On the morning of his injury, at his home he collected from two persons an industrial insurance premium. He kept an appointment having to do with ordinary insurance at a nearby store. He then took a car going in the direction of Middleborough. During the ride to Middleborough he talked with a man he met on the car and a prospective customer about buying a $1,000 policy. When the car arrived at Middleborough it stopped in front of the waiting station on Main Street. The office of the insurance company is on the same street, "possibly . . . six rods away from the waiting room," over a music store. He

could have remained on the car until it came to the store. For some reason which does not clearly appear he got off the car at the station as soon as it stopped. He was the last one off and stepped from the platform of the car down on to the step. He carried his grip in his left hand and stepped to the ground on his right foot. When he stepped to the ground his ankle turned over. It does not appear what caused the ankle to turn. "He was going from his home to the office to report before going out on his debit." On Saturday morning he generally went to the office unless he had some special business that called him in another direction.

Assuming that the accident happened in the course of the employment, it is difficult to see any causal connection between the work and his injury. The turning of an ankle is an extremely common event and may be caused by conditions of individual weakness or of the physical surface of the way. In the case at bar there is no evidence upon which it can be said to have been proved that the accident was attributable to the risk or hazard of the work of the claimant, and not to his individual peculiarities or weaknesses. The causative relation between employment and injury is remote and speculative. The case falls within *Hewitt's Case,* 225 Mass. 1, and *Donahue's Case,* 226 Mass. 595; and is distinct from *Moran's Case,* 234 Mass. 566.

It follows that the decree must be reversed and judgment entered for the insurer.

*So ordered.*