## ORANGE GARDNER'S CASE.

Suffolk.    November 15, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.  *Agency*, Scope
of employment.  *Proximate Cause*.

A motorman employed by a street railway company stopped his car in a rural
   village at ten o'clock at night at a point where the tracks were on the grass,
   off the macadam road, alighted and, in accordance with a custom among
   the crews of the company, started across the road " to get a drink and re-
   lieve nature," and, when six or eight feet from the side of his car, was
   struck and injured by a passing motor vehicle.  At the hearing of a claim
   for compensation under the provisions of the workmen's compensation act,
   there was no evidence that the employer had knowledge of the custom of
   its employees above described or that the employee was invited to conduct
   himself as he did.  *Held*, that the injury received by the claimant did not
   arise in the course of or out of his employment within the meaning of the
   workmen's compensation act.  Following *Fumiciello's Case*, 219 Mass. 488,
   and distinguishing *Keaney's Case*, 232 Mass. 532.

CERTIFICATION to the Superior Court under the provi-
sions of the workmen's compensation act of a decision of
the Industrial Accident Board granting compensation to a
motorman employed by the Berkshire Street Railway Com-
pany in the circumstances described in the opinion.

In the Superior Court, a decree was entered in accordance
with the decision of the Industrial Accident Board by order
of *McLaughlin*, J.  The insurer appealed.

*G. Gleason*, for the insurer.

*D. G. Campion*, for the employee.

CROSBY, J.  The employee was a motorman of the Berk-
shire Street Railway Company.  His run at the time of the
accident was between Pittsfield and Great Barrington.  He
left the latter place in the evening and with his car arrived
at the switch at South Lee at ten o'clock that night; the
railway tracks at this point were on the grass off the macadam
road.  He alighted from the car and started across the road
" to get a drink and relieve nature," and when six or eight

feet from the side of the car was struck and injured by a passing automobile. There was evidence that it was customary for the crews of the different trolley cars, when stopping at this switch, " to get a drink of water and relieve nature," but there was no evidence that the employer had knowledge that its employees, when stopping at the switch, usually crossed the road for these purposes, and there was nothing to show that they were invited to do so by the employer. The only issue is whether the injury arose out of the employment.

" Numerous of our cases illustrate the principle that the sphere of employment exists and affords its shield to the employee while within the premises of the employer on the way to or on the return from actual performance of the specific duties of the employment." *White* v. *E. T. Slattery Co.* 236 Mass. 28, 34. *Sundine's Case*, 218 Mass. 1. *Von Ette's Case*, 223 Mass. 56. *Stacy's Case*, 225 Mass. 174. *Osterbrink's Case*, 229 Mass. 407. *Hallett's Case*, 232 Mass. 49. *Moore* v. *Manchester Liners, Ltd.* [1910] A. C. 498.

In *Bell's Case*, 238 Mass. 46, it was held that accidents happening to an employee on his way home from work, but not on the premises of his employer, as a rule do not arise in the course of his employment. In that case the employee, having left the premises of his employer on his way home from work, crossed the tracks of a railroad and was struck· by a train and fatally injured. It was held that the injury did not arise in the course of or out of the employment within the meaning of the workmen's compensation act.

A like result upon similar facts was reached in *Fumiciello's Case*, 219 Mass. 488. In the case at bar the injury to the employee while crossing the road for the purpose stated " cannot fairly be traced to the employment as a contributing approximate cause." *McNicol's Case*, 215 Mass. 497, 499. There was no causal relation between the employment and the injury and no legitimate inference can be drawn that the risk of crossing the street, which resulted in the injury, was incidental to or connected with the conditions of the employment. The case does not differ in principle from one where the employee, during his trip, crossed a highway to

obtain food or drink at a restaurant and met with an injury in the restaurant, or was struck by an automobile while returning therefrom to his car. He was not on his employer's premises when injured and at the time was exposed to no risk which was incidental to his employment. The case is not distinguishable in principle from *Fumiciello's Case, supra. Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560. *Donahue's Case,* 226 Mass. 595. *Braley's Case,* 237 Mass. 105. *Rourke's Case,* 237 Mass. 360. *Upton* v. *Great Central Railway,* [1923] 2 K. B. 879.

It does not follow, however, that a motorman is necessarily precluded from the benefits of the act because injured while on a public street if, at that time, he is actually engaged in the work for which he was employed. It cannot be doubted that if a motorman, standing upon the street adjusting a trolley pole or engaged in other work incident to the operation of his car, were injured he would be entitled to compensation. At the time of the accident in the case at bar the employee was not using the street as a motorman in the performance of his duties, but as one of the public. *Donahue's Case, supra. Cook's Case,* 243 Mass. 572, rests upon its peculiar facts and is distinguishable. In crossing the street the motorman was exposed to the same danger of being struck by an automobile or otherwise injured as pedestrians generally are subjected to.

*Keaney's Case,* 232 Mass. 532, is not a decision in favor of the employee's contention. In that case a teamster, while driving upon a highway, stopped his horses and got off his wagon for the purpose of picking up some papers carried in his hat, which had blown off, and was struck and fatally injured by a passing automobile. It was held that his employment while on the street exposed him to the particular injury he received.

If the employee in the present case in crossing the street had slipped and stumbled and thereby received an injury it is plain that the risk was no greater than of an unemployed person under the same conditions.

It follows that the employee, when injured, was acting wholly outside of his contract of employment. The danger

from which he suffered was not due to exposure to a special risk, but was one to which an ordinary member of the public was equally exposed. The decree must be reversed and a decree entered for the insurer.

*So ordered.*