WILLIAM H. HORNBY'S CASE.

Suffolk.    March 16, 1925. — April 18, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

A watchman, who is employed by a merchant in a city and who has an appointment from the police department as a special police officer which it is necessary for him to renew annually at police headquarters and there take the oath of office, and who was injured by being struck by a motor vehicle on a public way when, at his employer's request, he was going from his employer's place of business to police headquarters for the purpose of renewing his commission, is not entitled to compensation under the workmen's compensation act, since such injuries did not arise out of his employment.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board, finding and ruling that the claimant while in the employ of C. F. Hovey and Company received injuries which arose out of and in the course of his employment, and that he was entitled to compensation.

In the Superior Court, the case was heard by *Sisk,* J. Material facts appearing in the record are described in the opinion. A decree was entered in accordance with the

decision of the Industrial Accident Board. The insurer appealed.

*G. Gleason*, for the insurer.

No argument nor brief for the employee.

CARROLL, J. The plaintiff was employed as a watchman in his employer's store; he also had charge of the checking room. At the employer's request he was appointed a special police officer, and each year it was necessary for him to go to police headquarters to be sworn to fulfil the duties of his office. On the last day of March, he was notified by his superintendent that he was to report the next morning at police headquarters, Pemberton Square, Boston. He left the employer's place of business about thirty minutes after nine o'clock on the morning of April 1, and walked toward Pemberton Square. While crossing Tremont Street, near Scollay Square, he was struck by an automobile and injured. He was awarded compensation. The insurer appealed. The question in the case is, Did the injury arise out of his employment?

In this Commonwealth in proceedings under the workman's compensation act, to be entitled to compensation the injury must arise out of or be caused by the employment. It has been held that an injury resulting from a collision with an automobile, moving on a public street, is not an injury which under ordinary circumstances arises out of the employment; although at the time the employee is engaged in the employer's business. It has been held that the danger of being struck by a passing automobile does not arise out of the employment, but is a danger peculiar to public travel, to which all pedestrians upon the public ways are exposed. *Gardner's Case*, 247 Mass. 308. See *Braley's Case*, 237 Mass. 105; *Hewitt's Case*, 225 Mass. 1; *Donahue's Case*, 226 Mass. 595; *Whitley's Case, post*, 211; *Blakely's Case, post*, 212. The same principle has been applied in all these cases and is decisive of the case at bar. *Moran's Case*, 234 Mass. 566, and *Cook's Case*, 243 Mass. 572, are not controlling. The case is governed by *Gardner's Case, supra.*

The decree must be reversed, and a decree entered for the insurer.

*So ordered.*