## GEORGE WHITLEY, JR.'S, CASE.

Suffolk.    March 18, 1925. — April 18, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

One, who is employed as an insurance solicitor and collector and whose
employment requires him to use the public streets, is not entitled to
compensation under the workmen's compensation act for injuries
resulting from a fall on ice on a public sidewalk on which he was walking
in the course of his employment, such injury not arising out of his
employment.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision by the In-
dustrial Accident Board, finding and ruling that an injury,
suffered by the claimant while in the employ of John Hancock
Mutual Life Insurance Company and caused by his slipping
on ice on a public way, arose out of and in the course of his
employment, and that he was entitled to compensation.

In the Superior Court, the case was heard by *Lummus,* J.
A decree was entered in accordance with the decision of the
Industrial Accident Board.   The insurer appealed.

*G. Gleason,* for the insurer.

*B. J. Killion,* for the employee.

CARROLL, J.   In this proceeding under the workman's
compensation act, it was found that the employee was an
insurance solicitor and collector, whose business required
him to use the public streets.   He was walking on a public
sidewalk in the course of his employment, when he slipped
on the ice and fell.   He was awarded compensation.   The
insurer's appeal brings the case to this court.

It was decided in *McNicol's Case,* 215 Mass. 497, that an
injury does not arise out of the employment unless it follows
as a natural incident of the employee's work.   If the injury
cannot be traced to the employment as a contributing,
proximate cause, but comes from a danger to which the em-
ployee is exposed, apart from his employment, or if the

danger causing the injury was not peculiar to his work, but was common to the neighborhood, then the injury does not arise out of the employment. This case was followed by *Donahue's Case*, 226 Mass. 595. It was there held that an injury to an employee, caused by slipping upon ice in a public street, did not arise out of his employment, although he was called upon to use the street in the performance of his work; that the risk of falling upon a slippery street or sidewalk was common to everyone travelling on a street or on a highway, and was not peculiar to the employment. That case is decisive of the law of the Commonwealth. It has not been overruled. We are bound by it, and it must be followed in decisions arising under the workman's compensation act. That an employee cannot recover under the act for an injury resulting from a fall upon ice on a public street is settled by *Donahue's Case;* see *Hewitt's Case*, 225 Mass. 1. The same principle was applied in *Braley's Case*, 237 Mass. 105, and in *Gardner's Case*, 247 Mass. 308.

The facts disclosed in *Moran's Case*, 234 Mass. 566, and *Cook's Case*, 243 Mass. 572, 573, distinguish them from the case before us.

It follows that the decree must be reversed and a decree entered for the insurer.

*So ordered.*