WILFRED BLAKELY's (dependent's) CASE.

Suffolk.    March 18, 28, 1925. — April 18, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

The dependent widow of a salesman, who had been employed by a merchant and whose death had resulted from a fall on a public highway caused by his slipping on ice while engaged in his employer's business, is not entitled to compensation under the workmen's compensation act, such injury not arising out of the salesman's employment.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decree by the Industrial Accident

Board, finding and ruling that the death of Wilfred Blakely was caused by a fall on ice on a public way in Springfield while he was employed by Burroughs Adding Machine Company, that the injury arose out of and in the course of such employment, and that his widow was entitled to compensation.

In the Superior Court, the case was heard by *Lummus*, J. A decree was entered in accordance with the decision by the Industrial Accident Board. The insurer appealed.

*G. Gleason*, for the insurer.

*H. A. Moran*, for the employee's dependent, submitted a brief.

CARROLL, J. The employee was fatally injured as a result of a fall on the ice on a public highway. The injury did not arise out of his employment. It was not caused by it. The injury came from a hazard common to all who had occasion to use the public highway. It is impossible to distinguish this case from *Donahue's Case*, 226 Mass. 595, where it was held that an employee could not recover for an injury caused by a fall on an icy street. The case is governed by *Donahue's Case*. See *Whitley's Case, ante*, 211, and cases cited.

The decree must be reversed and a decree entered for the insurer.

*So ordered.*