WILLIAM VOGEL'S (dependent's) CASE.

ANTONIO DUARTE'S (dependents') CASE.

MANUEL ANTONIO'S (dependents') CASE.

JOSEPH CRUEZ'S CASE.

WILLIAM WOODMAN'S CASE.

R. ALBERT GRILLO'S CASE.

ARMINDO RODRIQUES'S CASE.

ANTONIO CHERILLI'S CASE.

BRAS DIAZ'S CASE.

ADELENA LOPEZ'S CASE.

MICHAEL CORELLI'S CASE.

Suffolk.   June 28, 1926. — July 19, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, To whom act applies, Dependency.   *Evidence,* Presumptions and burden of proof.

Injuries and death, resulting from a collision between a railroad train and a truck carrying employees from their work to their homes in accordance with an agreement by the employer to convey them "to the job and back again," may be found to have arisen out of and in the course of their employment and to be within the provisions of the workmen's compensation act.

Where, at the hearing of a claim under the workmen's compensation act by children of a deceased employee who were under the age of sixteen years, it appeared that the children were in Portugal and were living a short time before the employee's death, and there was no evidence of their death, the presumption of continuance of life warranted a finding that they were living at the time of their father's death.

At the hearing of the claim above described, there was no evidence showing the law of Portugal, and it was *held*, that

(1) It was to be presumed that in all civilized countries a parent is obliged to support his minor children;

(2) Although the children were in Portugal and the employee was living in this country, he was liable here for their support;

(3) A finding of dependency was warranted.

CERTIFICATION under the provisions of the workmen's compensation act of decisions by the Industrial Accident Board upon eleven claims for compensation for injuries and death occurring in the circumstances described in the opinion while the employees were in the employ of Arthur DePasquale. Compensation was awarded by the board as described in the opinion.

In the Superior Court, the claims were heard by *Lourie*, J., by whose order decrees were entered in accordance with the decisions of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*J. R. Fuller & J. J. Sullivan*, for the insurer.

*W. A. Murray*, for the claimants.

CARROLL, J. In this proceeding under the workmen's compensation act, it appeared that the eleven employees were engaged in construction work and were returning from the place of their work to their homes, in a truck owned by their employer and operated by his chauffeur. At a grade crossing of the New York, New Haven and Hartford Railroad, the truck was struck by a gasoline car of the railroad company and demolished, and the employees were injured, Vogel, Duarte and Antonio dying from their injuries. From a decree in favor of the widow of Vogel, the children of Duarte, the children of Antonio, and a decree for the remaining claimants, the insurer appealed.

There was evidence that the employees lived in Milford or in Bellingham; that the highway the employer was constructing was in Medfield; that he agreed to convey the men from Milford "to the job and back again." On this evidence the Industrial Accident Board was fully justified in finding that the injury arose out of and in the course of the employment. The conveyance was provided by the employer; it

was one of the terms of the employment that the men should be carried by the employer to and from their work; they had the right to be carried in this manner by virtue of the contract. Receiving their injuries while being so carried, they were protected by the act. Their injuries were received in the course of their employment and arose therefrom. *Donovan's Case*, 217 Mass. 76.

Cases dealing with the rights of a pedestrian who is injured on a public way because of a danger peculiar to public travel are not in point. See *Hornby's Case*, 252 Mass. 209, and cases cited.

The board awarded compensation payable to the widow of William Vogel, to the two children of Antonio Duarte, and to the four children of Manuel Antonio. There was evidence to support the findings of the board: Mrs. Vogel lived with her husband in Bellingham. Antonio Duarte was married in 1914; in July, 1925, his two children were living in Portugal, the older having been born December 15, 1915. The accident causing the death of the father occurred August 24, 1925. Manuel Antonio came to this country in 1920; his wife and four children remained in Portugal, the oldest child being eight or nine years of age at that time.

The insurer contends that the evidence does not show that Duarte's children were alive when he was killed, nor that he was legally bound to support them. There was evidence that the children were alive in July, 1925; as there is a presumption of the continuation of life (*Bartley* v. *Boston & Northern Street Railway*, 198 Mass. 163, 172) the board could find that they were alive the August following. Under G. L. c. 152, § 32 (d), "Children under the age of sixteen years" are conclusively presumed to be wholly dependent for support "upon a parent who was at the time of his death legally bound to support although living apart from such child or children." Under this statute the father was liable for the support of his children under the age of sixteen. Although they were in Portugal and he was living in this country, he was liable for their support. See *Commonwealth* v. *Acker*, 197 Mass. 91. "While residing here he [the father] ought to make provision for the support of his wife and minor

children, whether they are here or elsewhere. If he fails to do this, his neglect of duty occurs here, without reference to a place where the proper performance of his duty would confer benefits." *Commonwealth* v. *Dornes*, 239 Mass. 592, 595. Although there was no evidence showing the law of Portugal (see now St. 1926, c. 168), it is to be presumed that in all civilized countries a parent is obliged to support his minor children. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184. The question of partial dependency in *Hassan's Case*, 240 Mass. 355, distinguishes that case from the one at bar.

The questions arising in the case of Manuel Antonio are disposed of by what has been said. When he left Portugal the four children were alive. It could have been found from this evidence and from the letter written by the mother that the children were alive at the time of the father's death; and from all the evidence the conclusion was warranted that at this time they were under sixteen years of age. It also appeared that Antonio sent to his wife an average of $15 a month, the last contribution being made in June before his death. Therefore there was no error in awarding compensation.

In each case the decree is affirmed.

*So ordered.*