CHARLES COLARULLO's (dependent's) CASE.

Suffolk.   January 18, 1927. — March 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

Injuries, followed by death, received by an employee of a golf club, when, on June 27, 1925, in the course of his employment he was riding a bicycle on a public way going to a laundry and was struck by an automobile, did not arise out of his employment within the meaning of G. L. c. 152, § 26.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the widow of Charles Colarullo, whose death followed injuries received by him on June 27, 1925, while in the employ of the Woodland Golf Club of Auburndale.

In the Superior Court, the case was heard by *Qua, J.*, by whose order there was entered a decree in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*G. Gleason,* for the insurer.

*A. S. Davis, (W. M. Noble* with him,) for the claimant.

PIERCE, J. The important facts established by the findings of the board member, and affirmed upon review by the Industrial Accident Board, are as follows: The deceased employee worked for the Woodland Golf Club of Auburndale, in the city of Newton, as attendant in the locker room. Besides the services there rendered, he was required to go upon errands for club members, but the greater part of his time was spent in the locker room. On the evening of June 27, 1925, while riding his bicycle along a highway in Newton and carrying a bundle of soiled clothes of a club member to the laundry, he was struck by an automobile and received injuries from which he died on July 2, 1925. He had been sent to do this errand and to bring laundry back to the club house; and his other duties required that he should return to the club house. It is obvious that the accident occurred in the course of his employment. The question remains whether the finding of the board was warranted that his injury and death arose out of his employment.

In cases under the workmen's compensation act where, like the present, an employee is injured while upon a highway, the liability to such injury has sometimes been referred to as a "street risk." Ordinarily it is held that, as all persons upon streets are likewise exposed to such hazard, the danger incident to such travel is not a "causative danger" "peculiar to the work" but is a risk which is common to all persons so travelling. *Hewitt's Case,* 225 Mass. 1, 3. *Donahue's Case,* 226 Mass. 595. *Braley's Case,* 237 Mass. 105. In the cases

just cited it was held that the injuries sustained by the employees did not arise out of the employments, and for that reason compensation was denied. There can be no sound distinction in principle between those cases and the case at bar.

*Keaney's Case*, 232 Mass. 532, and *Moran's Case*, 234 Mass. 566, where it was held that the injuries arose out of the employments, are distinguishable from the cases above referred to.

The claimant strongly relies upon *Cook's Case*, 243 Mass. 572, and *Dennis* v. *A. J. White & Co.* [1917] A. C. 479. The latter case overruled several English decisions which had laid down the rule followed in *Hewitt's Case, supra*. The case at bar is governed by *Hewitt's Case, Donahue's Case, Braley's Case, Gardner's Case*, 247 Mass. 308, *Hornby's Case*, 252 Mass. 209, *Whitley's Case*, 252 Mass. 211, *Blakely's Case*, 252 Mass. 212, and *Withers's Case*, 252 Mass. 415.

*Cook's Case* cited *Dennis* v. *A. J. White & Co., supra*, as authority for the decision reached that, where an insurance solicitor and collector while making collections for his employer caught his heel on the step of a street car and was injured, it could be found that the accident arose out of his employment. It is obvious that *Dennis* v. *A. J. White & Co.* is contrary to *Hewitt's Case, supra*. *Cook's Case*, in principle, is also contrary to the decision in *Hewitt's Case*, and to all our subsequent decisions where substantially the same question has been involved. For that reason it cannot be followed, and is now overruled.

The decree must be reversed and a decree entered in favor of the insurer.

*So ordered.**

---

*By St. 1927, c. 309, § 3, amending G. L. c. 152, § 26, the "street risks" to which the above opinion relates were brought within the provisions of the workmen's compensation act. REPORTER.