VICTOR CARLSTROM'S (dependent's) CASE.

Worcester.    June 29, 1928.— September 20, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

An employee of a subscriber under the workmen's compensation act, in December, 1926, left by the driver in charge of an automobile which, while being used in the employer's business, had become disabled on a street, crossed the street and was standing at the rear of a truck with three other men, all of whom were watching the driver of the truck reload tires that had fallen from it, and, in answer to a question by one of the men, "Do you want to take my chain?" answered "Yes."    Thereafter he received injuries while behind the truck when another automobile ran into the truck, forcing it upon him.  *Held*, that such employee could not be found to have suffered an injury which arose out of his employment, and was not entitled to compensation under the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board that injuries which were received by Victor Carlstrom while in the employ of Worcester Stamped Metal Company and which resulted in his death, did not arise out of his employment, and denying a claim by his widow.

In the Superior Court, the case was heard by *Lummus*, J., by whose order a decree was entered dismissing the claim. The claimant appealed.

The case was submitted on briefs.

*J. O. Sibley & S. G. Barker*, for the claimant.

*G. Gleason*, for the insurer.

CROSBY, J.    It is agreed that on December 15, 1926, the employee was the superintendent of the plant of the subscriber in Worcester; that on that date one Billings, treasurer of the subscriber, accompanied by the employee, went from Worcester to Springfield on the employer's business in an automobile owned by Billings; that on their return home and while travelling on the main highway in East Brookfield,

Billings increased the speed of his car for the purpose of passing a truck; that the truck suddenly started to cross the road diagonally in front of Billings who "applied the brakes of his car and skidded and the automobile crossed to the left side of the road" going off the road and down an embankment into a ditch; that when it stopped, it was diagonally across from, and ahead of, another large truck which was parked on the right side of the highway; that snow had fallen and the road was slippery. It is also agreed that Billings left his automobile in charge of the employee and went to East Brookfield for assistance to tow the automobile out of the ditch; that the employee crossed the street and was standing at the rear of the truck with three other men, all of whom were watching the driver reload tires that had fallen from it; that as another automobile approached the truck from the rear, one of the men said to the employee "Do you want to take my chain?" to which the employee answered "Yes"; that the driver of the approaching automobile, seeing the truck, applied his brakes; that his car skidded, struck the truck, and the employee was "pinned" between the rear end of it and the rear end of the automobile, receiving injuries from which he died. It is further agreed that it was a part of the employment of the deceased to take the trip on the day he was injured.

The single member of the Industrial Accident Board found that the injury arose out of and in the course of the employment of the deceased and awarded compensation to the claimant, his widow. The board on review reversed the decision of the single member and found that the injury did not arise out of the employment.

If the injuries sustained by the employee could be found to have arisen out of his employment, received while guarding the car of Billings, which we do not decide, it is plain that when he left the automobile of which he had charge, crossed the street and went behind the truck and watched the reloading of the same, his injuries could not be found to have arisen out of his employment. There was no causal relation between his employment and the injury. If it be assumed that it was his duty to watch Billings' automobile, it was

wholly outside that duty for him to cross the road and place himself behind the truck where he met with fatal injuries. The case in principle is governed by *Gardner's Case*, 247 Mass. 308.

The contention that the deceased was acting within the scope of his employment in endeavoring to get a chain from the driver of the truck to bring the automobile back on the road cannot be sustained. Billings had left to secure assistance and the employee had no duty to perform in his absence except to guard the car. *Cranney's Case*, 232 Mass. 149, relied on by the claimant, is distinguishable in its facts from the case at bar.

Apart from the reasons already stated which preclude the claimant from recovering compensation, it is settled by numerous decisions that ordinarily as all persons upon streets are exposed to the dangers incident to such travel, injuries so sustained by employees do not arise out of the employment, and for that reason compensation is denied. *Hewitt's Case*, 225 Mass. 1. *Colarullo's Case*, 258 Mass. 521, and cases cited.

As the injury occurred before the enactment of St. 1927, c. 309, § 3, amending G. L. c. 152, § 26, it is not necessary to decide whether that statute would be applicable to the facts here disclosed. Upon the agreed facts the decision of the Industrial Accident Board that the injury did not arise out of the employment was correct.

*Decree affirmed.*