## STOCKER v. SOUTHFIELD CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COM-
PENSABLE ACCIDENT MUST ARISE "OUT OF" AS WELL AS "IN
COURSE OF" EMPLOYMENT.

> Liability of an employer under the workmen's compensation act
> is limited to accidents to employees "arising out of" and
> "in the course of" an employment; so that both conditions
> must exist to bring a case within the statute.

2. SAME—ACCIDENT NOT ARISING OUT OF EMPLOYMENT NOT COM-
PENSABLE.

> An employee with no fixed hours of employment, engaged in
> organizing and operating a riding school to stimulate interest
> and activity in the sale and development of the employer's
> real estate, who was struck and injured by an automobile as he
> was crossing the street to his boarding house at night after
> having spent the day looking for and purchasing riding horses,
> was not rendering service to his employer at the time, but was
> upon the common private mission of reaching his place of re-
> tirement for the night, and, therefore, the accident did not
> "arise out of" the employment within the meaning of the
> workmen's compensation act, even if it was "in the course
> of" the employment, and under the circumstances an award of
> compensation was not justified.

Certiorari to Department of Labor and Industry.
Submitted June 7, 1928. (Docket No. 52, Calendar
No. 33,767.) Decided October 1, 1928.

H. R. Stocker presented his claim for compensa-
tion against the Southfield Company for an acci-
dental injury in defendant's employ. From an or-
der awarding compensation, defendant and the Fed-
eral Surety Company, insurer, bring certiorari.
Reversed.

On the question as to whether injury to employee, while on the
street, "arises out of and in the course of the employment," see
annotation in L. R. A. 1916A, 314; L. R. A. 1917D, 114; L. R. A.
1918F, 911; 51 A. L. R. 509.

*Stevens T. Mason,* for appellants.

*John W. Hurley,* for appellee.

WIEST, J. Our writ of certiorari brings before us the question of whether injuries, for which plaintiff was awarded compensation, arose out of and in the course of his employment.

The Southfield Company employed plaintiff to organize and operate a riding school to stimulate interest and activity in the sale and development of its real estate holdings in Southfield township, Oakland county. At the time plaintiff was injured his employment was for no fixed hours and related to organizing the scheme of development, such as supervising the erection of suitable buildings and the purchasing of horses to start the proposed riding club. He boarded and roomed at a private home a short distance from the proposed club site. October 11, 1927, he went to Windsor, Ontario, to look for riding horses, spent the day on such errand, purchased two horses, crossed the river to Detroit and there took a highway bus to go to his boarding house. He left the bus near his boarding house, and, while crossing the highway to reach his room, to which he was going for the night, was struck by an automobile and injured.

The serious question is whether the injury arose out of the employment. We think this question answered by our decision in *Hopkins* v. *Michigan Sugar Co.,* 184 Mich. 87 (L. R. A. 1916 A, 310). In that case we referred to the rule prevailing in Massachusetts and adopted it. The Massachusetts court in *Colarullo's Case,* 258 Mass. 521 (155 N. E. 425), reaffirmed the rule that:

"Ordinarily it is held that, as all persons upon streets are likewise exposed to such hazard, the dan-

ger incident to such travel is not a 'causative danger' 'peculiar to the work' but is a risk which is common to all persons so traveling.''

What was plaintiff's mission at the time of the accident? It was to reach his boarding house for his individual purposes of the night. This constituted no travel to any place in behalf of his employer. The risk of being struck by an automobile was not incidental to the character of the employment, neither did any condition of the employment expose plaintiff to such an injury. The essential causative relation between injury and employment cannot be found in this case. Plaintiff's use of the street was a mere everyday incident, common to everyone, and not a special exposure in the course of an employment sending him into the street. The rule is well settled that:

"There must be some connection between the injury and the employment other than the mere fact that the employment brought the injured party to the place of injury. There must be some causal connection between the employment and the injury in the sense that, by reason of the employment, there was an unusual or additional exposure of the injured party to the kind or character of hazard and danger (in this case an ordinary street risk) which caused the injury. The injury must have its origin in a risk connected with the employment, and must have flowed from that source as a rational and natural course.'' *California Casualty Indemnity Exchange* v. *Industrial Accident Commission,* 190 Cal. 433 (213 Pac. 257).

The risk in crossing the street in going to one's home for the night is but an incident of life generally, and constitutes no part of an employment. What we have in mind is well stated in *Dreyfus & Co.* v. *Meade,* 142 Va. 567, 574 (129 S. E. 336):

"It is impossible to distinguish and reconcile all of the cases, but when analyzed the conclusion deduced therefrom appears clearly to be that there must be some special risk incident to the particular employment which imposes some greater danger upon the employee than is imposed upon other persons actually using the streets. The test, however, is not that other persons are exposed to similar risks, but rather that the employment exposes the workman to the particular danger in the street."

This states the line of cleavage between the case of *Kunze* v. *Detroit Shade Tree Co.,* 192 Mich. 435 (L. R. A. 1917 A, 252), and the *Hopkins Case, supra.*

There is not in the compensation act a general insurance liability placed upon the employer. The law limits liability to accidents arising out of and in the course of an employment.

The case of *Haddock* v. *Edgewater Steel Co.,* 263 Pa. 120 (106 Atl. 196), was cited by the board of industry as authority sustaining the award, and is also called to our attention in the brief for plaintiff. The facts in that case were somewhat similar to the case at bar and the opinion would be quite apropos were it not for the fact that it was made to rest upon the terms of the Pennsylvania compensation law (section 301, art. 3, Act of June 2, 1915), and that law awards compensation to an employee for injury by an accident *in the course of his employment* and omits the provision in our statute that a compensable injury must arise *out of* as well as in the course of employment. It is settled that the words "arising out of" and the words "in the course of" are used conjunctively, and where so found both conditions must exist to bring a case within the statute. *Hopkins* v. *Michigan Sugar Co., supra; Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148 (118

N. E. 1028, Ann. Cas. 1918 E, 808) ; *Dreyfus & Co. v. Meade, supra.* As said in the *Hopkins Case:*

"It is well settled that, to justify an award, the accident must have arisen 'out of' as well as 'in the course of' the employment, and the two are separate questions to be determined by different tests, for cases often arise where both requirements are not satisfied. An employee may suffer an accident while engaged at his work or in the course of his employment which in no sense is attributable to the nature of or risks involved in such employment, and therefore cannot be said to arise out of it. An accident arising out of an employment almost necessarily occurs in the course of it, but the converse does not follow. 1 Bradbury on Workmen's Compensation, p. 398. 'Out of' points to the cause or source of the accident, while 'in the course of' relates to time, place, and circumstances. *Fitzgerald* v. *Clarke & Son,* 2 K. B. (1908) p. 796."

In *Mueller Construction Co.* v. *Industrial Board, supra,* the Illinois supreme court gave pointed effect to the words "arising out of." It was there said:

"By the use of these words it was not the intention of the legislature to make the employer an insurer against all accidental injuries which might happen to an employee while in the course of the employment, but only for such injuries arising from or growing out of the risks peculiar to the nature of the work in the scope of the workman's employment or incidental to such employment, and accidents in which it is possible to trace the injury to some risk or hazard to which the employee is exposed in a special degree by reason of such employment. Risks to which all persons similarly situated are equally exposed and not traceable in some special degree to the particular employment are excluded."

We may say the accident to plaintiff was in the

course of employment, and to that extent follow the Pennsylvania holding, and be far from reaching a decision, for we must determine whether the accident arose out of the employment.

In *Kunze* v. *Detroit Shade Tree Co., supra,* the employee's work of trimming trees compelled him to be upon the street and, therefore, his very work exposed him to street hazards, and, for that reason, the court distinguished the case from the *Hopkins Case.* The rule in the *Hopkins Case* has been followed in *Ryan* v. *City of Port Huron,* 234 Mich. 648.

What we have said distinguishes the case at bar from the holdings in *Papinaw* v. *Railway Co.,* 189 Mich. 441; *Punches* v. *American Box Board Co.,* 216 Mich. 342; *Clifton* v. *Kroger Grocery & Baking Co.,* 217 Mich. 462; *Stockley* v. *School District,* 231 Mich. 523, cited in the brief for plaintiff.

The evidence shows no warrant for holding that the accident arose out of plaintiff's employment. The plaintiff was not rendering service to his employer at the time of the accident, but was upon the common private mission of reaching his place of retirement for the night. We attach importance to the fact that plaintiff was on his way to his home for the night and discover no deciding factor in the claim that he might have been called upon by his employer to make report, give advice, or render further service.

The award of the department of labor and industry cannot be sustained.

Reversed.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.