## Cornelius Mannix's Case.

Worcester.   September 24, 1928. — October 9, 1928.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Sanderson, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

An employee who, in 1925, while using an automobile in his employer's business and hurrying to get to the employer's shop in order to relieve a cashier detained there by his absence on the employer's business, stepped from the automobile before it had drawn up closely to the sidewalk in front of the shop and, in so doing, failed to step far enough to place his foot firmly upon the sidewalk, slipped and was hurt, may be found, in proceedings under the workmen's compensation act, to have received in the course of his employment an injury arising out of the employment, and properly may be awarded compensation.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Cornelius Mannix for personal injuries suffered while in the employ of Jones-Mannix Company on November 20, 1925.

Material facts shown by the record certified are stated in the opinion. In the Superior Court, by order of *Lummus,* J., a final decree was entered dismissing the claim. The claimant appealed.

*J. C. Donnelly,* for the claimant.

*M. M. Taylor,* for the insurer.

WAIT, J. The claimant was injured while alighting from an automobile which he had been using in his employer's business. He was hurrying to get to the employer's shop in order to relieve a cashier detained there by his absence on the employer's business, and stepped from the automobile before it had drawn up closely to the sidewalk in front of the shop. In so doing, he failed to step far enough to place his foot firmly upon the sidewalk, slipped and was hurt.

The single member, and, on appeal, a majority of the reviewing board of the Industrial Accident Board, found and ruled that the claimant in the course of his employment received an injury arising out of his employment, and awarded

compensation.   One member of the reviewing board dis-
sented on the ground that the case fell within the decision
in *Cook's Case*, 243 Mass. 572, overruled in *Colarullo's Case*,
258 Mass. 521, and that the accident could not therefore be
said to arise out of his employment.   The Superior Court
entered a decree in accord with this dissent, declaring that
the injury did not arise out of the employment and dismissing
the case.   The claimant appealed.

While it is true that the accident is one that might happen
to any traveller alighting hurriedly from an automobile
standing further from the sidewalk than he observed, and so,
if there were nothing more, might be deemed a "street
accident" for which under *Colarullo's Case, supra, Hewitt's
Case*, 225 Mass. 1, *Donahue's Case*, 226 Mass. 595, and
*Braley's Case*, 237 Mass. 105, no compensation is due; there
is something more.   There is nothing to show that any de-
fect in the street or any carelessness of another traveller con-
tributed to the accident.   The automobile was at the time
an appliance of the employer's business which the claimant
was using in the employer's behalf.   His haste was due to
exertion in performing a task in the course of the business,
for the master's benefit, not for his own.   There is no dif-
ference in principle from a misstep in hurring upon a stairway
within the shop, or in moving from a stepladder placed on
the sidewalk in washing show windows.   The fact is as the
single member and the majority of the reviewing board found
it.   This accident arose out of the business.   It is within
the principle of *Donovan's Case*, 217 Mass. 76; *Vogel's Case*,
257 Mass. 3; *Johnson's Case*, 258 Mass. 489, rather than of
*Gardner's Case*, 247 Mass. 308; *Hornby's Case*, 252 Mass.
209; *Whitley's Case*, 252 Mass. 211; *Blakely's Case*, 252
Mass. 212.

. It is not necessary to consider St. 1927, c. 309, § 3, which
was enacted since this accident happened.   That statute
has no application here; and, without its aid, the claimant
is entitled to compensation.

The decree must be reversed and a proper decree awarding
compensation to the claimant be entered.

                                        *So ordered.*