HUGH WAMBOLDT'S (dependent's) CASE.

Bristol.   October 23, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

A steamfitter, employee of one insured under the provisions of the work-men's compensation act, was injured on April 4, 1927, when, having been sent by his employer to a distant city, he was making the trip on a borrowed motor cycle, which was owned by some one other than the employer, and collided with another motor vehicle. *Held*, that, although the injury arose in the course of, it did not arise out of the employment; and that no compensation under the act should be awarded.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing a claim by the widow of Hugh Wamboldt for compensation by reason of his death as a result of an injury received on April 4, 1927, while employed by F. E. Earl Company.

In the Superior Court, the case was heard by *Williams*, J., by whose order a final decree was entered dismissing the claim. The claimant appealed.

*P. Barnet*, for the claimant.

*A. Donahue*, for the insurer.

CROSBY, J. The deceased employee was a steamfitter in the employ of the insured in New Bedford. On April 4, 1927, he was sent by his employer to take a bid to the Lynn Gas and Electric Company, in Lynn. In making the trip he used a borrowed motor cycle, which was owned by some one other than the employer. While returning from Lynn along the highway near Taunton his motor cycle came in collision with an automobile going in the opposite direction, and as a result of the collision he was instantly killed. The board member found the facts substantially as above re-cited, and further found that the relation of master and

servant did not exist between this deceased and the subscriber at the time of the fatal accident; that the latter had no control over the employee while he was operating the motor cycle and no right to control him in its operation. The findings and decision of the board member were affirmed by the Industrial Accident Board, and the claim for compensation was denied.

Although the fatal injury to the employee arose in the course of his employment, the undisputed facts did not warrant a finding that the injury arose out of the employment. The case is typical of many others decided by this court, which hold that the hazard of travelling upon the highways is a risk incident to such travel; it is not a causative danger peculiar to the work, but is a risk common to all persons so travelling, and does not arise out of the employment. The principle so firmly established by this court in numerous decisions governs the case at bar. *Hewitt's Case,* 225 Mass. 1. *Donahue's Case,* 226 Mass. 595. *Hornby's Case,* 252 Mass. 209. *Withers's Case,* 252 Mass. 415. *Colarullo's Case,* 258 Mass. 521, and cases cited. The case at bar cannot be distinguished in principle from the cases above referred to, and is controlled by them. As the injury occurred before the enactment of St. 1927, c. 309, § 3, that statute is not applicable to the facts in the present case.

*Decree affirmed.*