BULL *v.* WAYCO OIL CORPORATION.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCIDENTAL SHOOTING.

Where employees of oil station were instructed not to resist holdups or robberies, it was not policy of employer to permit employees to keep firearms at stations, and employer did not know that employees had revolver at station with which employee was accidentally shot and killed by fellow employee, his death did not arise out of the employment within meaning of workmen's compensation act.

Certiorari to Department of Labor and Industry. Submitted January 8, 1930. (Docket No. 35, Calendar No. 34,367.) Decided March 7, 1930.

As to what injuries "arise out of and in the course" of the employment within meaning of workmen's compensation act, see annotation in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

Kathleen Bull and others presented their claim for compensation against Wayco Oil Corporation and General Accident Assurance Corporation, insurer, for the death of Thomas R. Bull. Plaintiffs review denial of compensation by certiorari. Affirmed.

*James H. Bayne,* for plaintiffs.

*Kerr, Lacey & Scroggie,* for defendants.

CLARK, J. Plaintiffs, as dependents, seek compensation for the death of Thomas R. Bull, an employee of defendant Wayco Oil Corporation, whose risk under the workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*) was carried by the other defendant.

There were three employees at the oil station, Bull, Powers, and Jones. Jones owned a revolver kept at the station. Bull took the revolver to clean it. Powers picked it up, and accidently discharged it, killing Bull.

On review the department found correctly:

"We are of the opinion it is conclusively shown by the testimony in this record that it was not the policy of the company to permit their employees to keep firearms at their gasoline stations, and that their employees were instructed not to resist hold-ups or robberies on account of the danger to the attendant employees. We think the evidence conclusively shows that the employer did not know the employees of this particular station had this firearm at the station."

It appears that the accident arose in the course of the employment. But as it did not arise out of the employment the department was right in refusing award.

The case is ruled by *Stocker* v. *Southfield Co.,* 244 Mich. 13.

Affirmed.

Wiest, C. J., and Butzel, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.