SCHROEDER & DALY COMPANY and another, Appellants, vs.
INDUSTRIAL COMMISSION OF WISCONSIN and another,
Respondents.

*June 2—June 25, 1919.*

*Workmen's compensation: "Performing service growing out of and
incidental to his employment."*

Where a salesman, required by his duties to go from place to place
   in a city, slipped and injured his leg on a public street while
   so engaged, he is "performing service growing out of and inci-
   dental to his employment," within the meaning of sub. (2),
   sec. 2394—3, Stats.; and the accident cannot be considered the
   result of an ordinary street risk.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge.   *Affirmed.*

The applicant, *Paul Toll,* a salesman in the employ of the
*Schroeder & Daly Company,* was required by his duties to
go from place to place in the city of Milwaukee selling prod-
uce to grocerymen.   On January 31, 1918, while so engaged
and while traveling from one place to another and while on
the public street, he slipped and injured his right leg.   Upon
application to the *Industrial Commission* he was awarded
compensation.   This action was brought in the circuit court
for Dane county to review the award made by the *Industrial
Commission.*   The circuit court affirmed the award, and
from such judgment of affirmance the plaintiffs appeal, the
*Employers' Mutual Liability Insurance Company* being the
insurer of the employer.

For the appellants the cause was submitted on the brief
of *Brown, Pradt & Genrich* of Wausau.

For the respondent *Industrial Commission* there was a
brief by the *Attorney General* and *Winfield W. Gilman,* as-
sistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J.   The only question presented here is
whether or not *Toll* at the time of the injury was performing

services growing out of and incidental to his employment (sub. (2), sec. 2394—3, Stats.). It is the contention of plaintiffs that the injury sustained by the applicant is one which did not grow out of his employment, but was the result of an ordinary street risk. This contention is based upon the proposition laid down in *McNicol's Case,* 215 Mass. 497, 102 N. E. 697, that the causative danger must be peculiar to the work and not common to the neighborhood, and upon *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996, where it was held that an injury caused by lightning stroke while the applicant was working on a dam and not exposed by reason of his employment to a hazard peculiar to the industry or differing from a hazard to which all outdoor workers are exposed, was not one arising out of or incidental to his employment.

The use of the word "peculiar" in this connection is perhaps unfortunate and not exactly accurate. A hazard *peculiar* to an industry, as that word is most frequently used, is a hazard which belongs exclusively to that industry. That the word, however, is not used with that meaning in the cases referred to, is plain upon a moment's reflection. It is used rather in the sense of a risk which appertains to the particular industry, or, in other words, a risk which is inseparably connected with it and so incidental to it. While it is said in the *Hoenig Case* that the matter turns upon the nature of the hazard, when the statement is taken in connection with the context it will be seen that the pivotal question is as stated in *Ellingson L. Co. v. Industrial Comm.* 168 Wis. 227, 169 N. W. 668, Is the injury one resulting from a hazard that necessarily pertains to the industry or is substantially increased by reason of the nature of the services which the applicant is required to perform? Substituting for the word "peculiar" a phrase embodying the meaning with which that word is used, the question may be restated thus: Is the injury one resulting from a hazard pertaining to and inseparably connected with the industry or substantially increased by reason

of the nature of the services which the applicant is required to perform? It is not the nature of the hazard that is the determinative thing, but rather whether or not it is a usual or necessary incident to the employment. Here, the applicant while in the discharge of his duties under his employer's direction was required from time to time to cross public streets. While the hazard to which he was exposed is not peculiar to the employment in the sense that it appertains to it exclusively and is not common to other occupations, it is nevertheless a hazard inseparably connected with the employment and therefore incidental to it. An employee who is required in the usual course of his employment to cross and recross streets almost constantly is certainly much more likely to suffer injury from street hazards than one not so circumstanced. The hazard to which the applicant in this case was exposed was not only inseparably connected with his employment and incidental to it, but the hazard was substantially increased by reason of the nature of the services which he was required to perform.

If it should be held that messengers, deliverymen, salesmen, and others who by the nature of their employment are required to be continually on the streets and highways, are not entitled to compensation for injuries received in the course of their employment if the injury occur on a street or highway, a large class of worthy applicants would be cut off and the workmen's compensation law emasculated. If an employee in the course of his employment is required to go up and down a stairway occasionally or frequently and while so doing falls and injures himself, should he be denied compensation because every one uses stairways and is continually liable to receive like injuries? Clearly not. The risk of injury to the applicant in this case was incidental to his use of the street in the course of his employment, and was peculiar to the employment in that the work of the employee could not be carried on without his subjecting himself to that risk; it therefore grew out of his employment. The fact that

others may be exposed to like risks does not change the character of the risk to which the applicant was exposed. *Globe Ind. Co. v. Industrial Acc. Comm.* ·(Cal.) 171 Pac. 1088; *In re Harraden* (Ind.) 118 N. E. 142; *Industrial Comm. v. Ætna L. Ins. Co.* (Colo.) 174 Pac. 589; *Foley v. Home R. Co.* 91 N. J. Law, 323, 99 Atl. 624; *Kunze v. Detroit S. T. Co.* 192 Mich. 435, 158 N. W. 851; *Dennis v. A. J. White & Co.* 86 L. J. K. B. 1074.

*By the Court.*—Judgment affirmed.