## DELLA BOOKMAN v. LYLE CULVERT & ROAD EQUIPMENT COMPANY.[1]

December 1, 1922.

No. 23,112.

**Workmen's Compensation Act—clerk injured while taking letters to mailbox.**

1. The evidence sustains a finding that the plaintiff, an employe of the defendant, was carrying letters of her employer to a street mailbox when she was struck by an auto, and that she was engaged in the line of her employment when injured.

**Injury to employe from street risk.**

2. An injury to an employe engaged in his employer's service in a duty calling him upon the street by what is usually called a street risk

[1]Reported in 190 N. W. 984.

arises as a matter of law out of his employment, although others not so employed, or the public using the streets, are subject to such risks.

**When employe calls physician she may recover.**

3.  Under Workmen's Compensation Act (G. S. 1913, § 8212) an employe engaging her own physician can recover the reasonable expense incurred to the amount of $100.

Upon the relation of Lyle Culvert & Road Equipment Company the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable William E. Hale, one of the judges thereof, to review the proceedings in that court under the Workmen's Compensation Act brought by Della Bookman as employe, against relator as employer. Affirmed.

*M. C. Tifft* and *Samuel A. Harper,* for relator.

*Austin I. Bergman,* for respondent.

DIBELL, J.

Certiorari to the Hennepin district court to review its judgment awarding compensation to the plaintiff. The injury occurred prior to the going into effect of the compensation act of 1921 and is governed by the 1913 compensation act as amended.

1.  The defendant's place of business was on Twenty-seventh avenue S. E., south of and near University avenue in Minneapolis. The plaintiff was employed by the defendant in a clerical capacity. Her duties required her to deposit mail in a post office box near the northwest corner of Twenty-seventh avenue and University avenue. She says that she left the office about 5:30 p. m. on March 25, 1921, with mail to be placed in the mail-box, and that as she was crossing University avenue she was struck by an automobile and injured. A young woman employe of the defendant left the office with her. She says that the plaintiff, as they came to University avenue, gave her the mail, and started to catch a street car at Twenty-sixth avenue. The plaintiff says that she gave this young woman a part of the mail just after they left the office, keeping part of it herself, and that they were going across the street together to the mail-box when she was struck. No mail was found on the street after the

accident. The defendant very seriously urges, largely because of this, that the plaintiff's story is incredible. We do not find it so. She and her companion disagree upon an important fact. There was testimony which the court might construe as in corroboration of her. The evidence sustains the court's finding that the plaintiff was on her way to the mail-box when struck by the auto, and that she was injured in the course of her employment.

2. The court did not find that the accident arose out of the plaintiff's employment. Necessarily, under our decisions, the injury, under the circumstances found, arose out of her employment. In Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726, the court definitely committed itself to the doctrine that an injury to an employe, engaged in his employer's service in a duty calling him upon the street, by what is usually called a street risk to which his work subjects him, arises as a matter of law out of his employment, although others so employed, or the public using the streets, are subject to such risks. A number of cases are there cited and the rule which we adopt is in general harmony with the American cases and the modern English doctrine.

3. The plaintiff employed her own physician and incurred expense to the extent of $100. The provision for the payment of medical expenses is found in G. S. 1923, § 8212. Under a similar provision of the compensation act of 1921 it is held that an employe, engaging his own physician, can recover the reasonable expense incurred to the amount of $100. Lading v. City of Duluth, supra, page 464, 190 N. W. 981. The doctrine of that case is applicable here.

Judgment affirmed.