Before STATE INDUSTRIAL BOARD, Respondent.

JAMES WILBER, Respondent, *v.* FONDA, JOHNSTOWN AND GLOVERS-
VILLE RAILROAD COMPANY, Appellant.

Third Department, March 5, 1924.

**Workmen's compensation — claimant, trolley car conductor, fell on
sidewalk while going from his home to office to make report and turn
in money — employer required him to report before nine a. m. of day
following — claimant finished his run at ten p. m., went to his home,
made out his report, and started to return to office and was injured on
way — injury arose out of and in course of employment.**

A trolley car conductor received an injury arising out of and in the course of his
employment, where it appears that he was paid by the day; that at the end of
his day's run he was required by the terms of his employment to make a report
with reference to the receipts for the day and to deposit the same at his employer's
office before nine A. M. the following day; that he completed his last run on the
day of the accident at ten P. M.; that he went to his home, a short distance from
the place where his car was left, made out his report, and while on his way to
the office to deposit the same, slipped and fell breaking his arm.

APPEAL by the defendant, Fonda, Johnstown and Gloversville
Railroad Company, from an award of the State Industrial Board,
entered in the office of said Board on the 3d day of May, 1923.

*Baker & Maider [W. H. Maider* of counsel], for the appellant.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-
General,* of counsel], for the respondents.

HINMAN, J.:

This is a case of a trolley car conductor on an interurban railway
who at the end of his day's run was required to make a report with
reference to receipts for the day and to deposit the same at his
employer's office. His last run was ended by placing his car on a
siding at a substantial distance from the company's office. He was
not required to make his report immediately but could do so any
time before nine A. M. the next morning. He did not go to the
office directly this night but went to his home, made out the report
and then was on his way to the office of the company with it and
with his employer's money when he slipped and fell, breaking his
arm. The sole question is whether the accident arose out of and
in the course of his employment.

Claimant was an outside worker. He finished his last run ordi-
narily at nine P. M. This night it was ten o'clock. He did not work
on Sunday and his accident occurred on Saturday night. To
comply with the rules he would have had to take his money and

report to the office before nine A. M., Sunday morning. Therefore, his work for his employer was not finished when he left his car on the siding. He was paid by the day, not by the hour, so we cannot say he was not being compensated while carrying the money and report to his employer. His day's pay covered the performance of this additional duty. His day's work was not ended until he made his report and he was in the course of his employment while he was doing anything relating to the safekeeping and transportation of his employer's money. His employer did not require him to make the report forthwith at the end of his last run for the day. The employer made him its agent to safely keep and deposit its money at the office at a time not later than nine A. M. the following day, the exact time otherwise to be left to the convenience of its agent, the claimant. Having conceded to its employee this period of convenience, the employer, self-insurer, now contends that the claimant was not in the course of his employment because to serve his own convenience he did not go directly from his car to the office (a five-minute walk), but went home first (a five-minute walk in a different direction) and about an hour later started for the office (another five-minute walk), having prepared his report at home. There is no significance in the fact that claimant went home first to serve his own convenience. The important considerations are the nature of the function that was being performed by him at the time of his accident and the character of his employment. He was not on his way to work. He was actully at work at the time within the scope of his employment. He was making a special trip to deliver his employer's money. He could have kept the money until the next morning ordinarily and presumably could have returned the money when he went to work the next day; but the next day was Sunday and he would not be going to work. Nevertheless he had to get his money in before nine A. M., Sunday. There is a clear distinction between this case and the one in which the Court of Appeals reversed an award where a shop worker at the end of the day had used his employer's car to attend to an outside job. After finishing that job he took the car to his own home and was injured in it the next morning while on his way to work. (*Matter of Schultz* v. *Champion W. & Mfg. Co.*, 230 N. Y. 309.) Had that employee been injured while making a special trip for his employer in order to return the car to his employer that night, it would have been an accident arising out of and in the course of his employment. The fact that the claimant here had to make this special trip, which under the regulations of his employer he could do any time before nine A. M., Sunday morning, created a situation wherein he must be deemed to have been in the course of his employ-

ment whenever, during that period, he was advancing the interest of his employer by any act reasonably incident to the accomplishment of that mission.

This case is also clearly distinguishable from the *Scanlon* case on the facts. (*Scanlon* v. *Herald Co.*, 201 App. Div. 173.) In that case, an inside worker took some work home for his own convenience. In this case, an outside worker accepted the convenience afforded to him under the rules whereby he was given twelve hours within which to complete his duty for the day by reporting and depositing his receipts. He did not leave the "ambit" of his employment to serve a purely personal convenience, as in *Matter of McInerney* v. *B. & S. R. R. Corp.* (225 N. Y. 130). He went home first, as he had a right to do, and any time within the period allowed he was at liberty to again pursue his employment, after rest, recreation or sleep, by undertaking, as he did, to make a special trip to the office with his employer's property. It is unlike all of the cases cited by appellant. The distinctive feature of this case is that claimant was an outside worker. He was not going to work but was completing his day's work. He was not injured while pursuing his own pleasure or convenience; but, under a rule of convenience afforded him, he was at the moment actively engaged in performing his duty. Since the performance of this duty involved the perils of the street, the accident arose out of and in the course of his employment.

The award should be affirmed, with costs in favor of the State Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.