## ELLA G. JOHNSTON v. W. S. NOTT COMPANY AND ANOTHER.[1]

May 1, 1931.

No. 28,400.

*C. E. Warner,* for relators.

*Oscar A. Brecke* and *Edward T. Chesnut,* for respondent.

[1]Reported in 236 N. W. 466.

310

DIBELL, J.

Certiorari on the relation of the defendant employer and the defendant insurer to review an order of the industrial commission awarding compensation to the plaintiff, the widow and sole dependent of the employe, George G. Johnston, deceased.

The decedent, George G. Johnston, was for many years in the employ of the defendant W. S. Nott Company as a city salesman in Minneapolis working outside the company's place of business soliciting orders. It was his custom to report at 4:30 to 5 in the afternoon just before going home. On December 16, 1929, he reported at the usual time. When he came in Frederick Dumas, a vice president, was there, and in response to a question as to what occurred Dumas said:

A. "I said, 'Good evening, George, how are you?' and he said, 'Well, I guess I'm all right,' and he said, 'I fell out here coming in,' and I said, 'I pretty nearly fell myself, George, it's pretty slippery,' and I said, 'Are you hurt?' and he said, 'I don't know whether I am or not.'

Q. "Who said that?

A. "George did. He said, 'I'm going home,' and we walked out of the water-closet or wash-room and he crossed through the aisle this way (indicating) and I went this way and he crossed toward the back door and said, 'I'm going home.' "

This testimony was properly received as res gestae. The remark was made as the decedent came to the defendant's place of business and might be considered as somewhat in the nature of an exclamation. It indicated a recent fall. He said, "I fell out here coming in." He did not know whether he was hurt and said, "I'm going home." In Travelers Ins. Co. v. Sheppard, 85 Ga. 751, 775, 12 S. E. 18, 26, Chief Justice Bleckley makes this statement: "What the law altogether distrusts is not after-speech but after-thought." This language is quoted approvingly in Meyer v. Travelers Ins. Co. 130 Minn. 242, 153 N. W. 523, and again in Clark v. Davis, 153 Minn. 143, 190 N. W. 45. There is an element of discretion in the trial court in determining whether evidence in the nature of hearsay

is admissible as res gestae. "Each case must depend on its own peculiar circumstances, and be determined by the exercise of sound judicial discretion." Gilfillan, C. J. in O'Connor v. C. M. & St. P. Ry. Co. 27 Minn. 166, 173, 6 N. W. 481, 484, 38 Am. R. 288. The time element gives no trouble. The showing of the essential spontaneity is less satisfactory. Having in view the discretion resting in the trier of fact and its necessary preliminary finding bearing upon the propriety of receiving the evidence, error in receiving it is not shown. Lambrecht v. Schreyer, 129 Minn. 271, 152 N. W. 645, L. R. A. 1915E, 812; Hyvonen v. Hector Iron Co. 103 Minn. 331, 115 N. W. 167, 123 A. S. R. 332; Roach v. G. N. Ry. Co. 133 Minn. 257, 158 N. W. 232; State v. Jue Ming, 180 Minn. 221, 230 N. W. 639, and cases cited; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3300, et seq; 3 Wigmore, Ev. (2 ed.) § 1749-1750. The trier of fact could tell from the testimony of Dumas, from its expression, intonation, and emphasis, better than we whether the statement of the decedent as to the fall had the spontaneity which accredited it as proof of the fact or was a narration.

■ The testimony of Dumas was the only competent proof of a fall of Johnston on the street as he was entering his employer's place of business. He took a street car home and showed some indisposition upon his arrival. His conversation with the plaintiff, his wife and sole dependent, could not be given. She said he looked haggard and pale. He had a "bad bump on the back of his head, very red and slightly swollen." He kept holding his head and sort of dozed off to sleep. This dozing off was not unusual. He suffered severely. About 9:30 a doctor was called. The doctor said:

"My examination showed that he had a bump on the back of his head a little bit to the right side. His pupils were unequal and reacted to light. He was breathing rapidly and his pulse was rapid, and he was very restless and the reflexes in his knee were absent and he vomited while I was there, and later on before I left respiration became slower and the pulse was slower and the headache apparently became more severe because he continued to complain about it."

The doctor stayed with him for a half hour or so. He gave him a hypodermic. He was called again after midnight. The deceased died at 1:30 in the morning. The doctor said the cause of his death was contusion and compression of the brain caused by some external violence; or, putting it in another way, the bump on the back of his head accounted for his death. There is no testimony of a cause for an injury except that given by Dumas. The evidence sustains the finding of an accidental fall in the course of the employe's employment resulting in his death.

■ The industrial commission found that the injury arose out of and in the course of the decedent's employment. In Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726, the court definitely committed itself to the proposition that an injury from a so-called street risk, in the course of employment, that is, when the employe is on his job or at his work, is one arising out of his employment. And see Bookman v. Lyle C. & R. E. Co. 153 Minn. 479, 190 N. W. 984; Behr v. Soth, 170 Minn. 278, 212 N. W. 461; Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428, and cases cited. The Minnesota cases are collected in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10403. It has been found difficult to distinguish between the terms "in the course of" and "arising out of the employment." It is not essential that the accident, to arise out of the employment, be one the risk of which is limited or peculiar to the employment or confined to a special class.

The early English rule as to street accidents was different but now is the one which we follow. Dennis v. A. J. White & Co. [1917] A. C. 479, 116 L. T. R. 774; Thom v. Sinclair [1917] A. C. 127, 116 L. T. R. 609; Arkell v. Gudgeon, 87 L. J. K. B. 1104, 118 L. T. R. 258. In Dennis v. A. J. White & Co. where a bicycle rider came into collision with a motor car, Lord Finlay, L. C. said ([1917] A. C. 481):

"It is quite immaterial that the risk was one which was shared by all members of the public who use bicycles for such a purpose. Such as it was, it was a risk to which the appellant was exposed in carrying out the orders of his employer.

"If a servant in the course of his master's business has to pass along the public street, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains an accident by reason of the risks incidental to the streets, the accident arises out of as well as in the course of his employment. The frequency or infrequency of the occasions on which the risk is incurred has nothing to do with the question whether an accident resulting from that risk arose out of the employment."

The same thought is given expression in Schroeder & Daly Co. v. Industrial Comm. 169 Wis. 567, 569, 173 N. W. 328, 329, involving an injury caused by slipping on the street, where Mr. Justice Rosenberry said:

"If it should be held that messengers, deliverymen, salesmen, and others who by the nature of their employment are required to be continually on the streets and highways, are not entitled to compensation for injuries received in the course of their employment if the injury occur on a street or highway, a large class of worthy applicants would be cut off and the workmen's compensation law emasculated. * * * The risk of injury to the applicant in this case was incidental to his use of the street in the course of his employment, and was peculiar to the employment in that the work of the employee could not be carried on without his subjecting himself to that risk; it therefore grew out of his employment. The fact that others may be exposed to like risks does not change the character of the risk to which the applicant was exposed. * * *"

We make no distinction between street accidents which result from slipping or falling and traffic accidents. Injuries resulting from slipping on streets while in the course of the employment are taken by the courts generally as arising out of the employment the same as a street accident through contact with traffic or other cause. Redner v. H. C. Faber & Son, 223 N. Y. 379, 119 N. E. 842; Wilber v. Fonda J. & G. R. Co. 208 App. Div. 249, 203 N. Y. S. 336; Schroeder & Daly Co. v. Industrial Comm. 169 Wis. 567, 173 N. W. 328; Favorite v. Kalamazoo State Hosp. 238 Mich. 566, 214 N. W. 229; In re Harraden, 66 Ind. App. 298, 118 N. E. 142.

The plaintiff is awarded $100 as attorney's fees in this court. Order affirmed.