**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Respondent (C6–97–352), Appellant (C1–97–484),**

v.

**SEAGATE TECHNOLOGY, INC., a Delaware corporation, Appellant (C6–97–352), Respondent (C1–97–484),**

**Skylar Lynn Lipscomb, Defendant.**

**Nos. C6–97–352, C1–97–484.**

Court of Appeals of Minnesota.

Nov. 18, 1997.

James F. Baldwin, Huyen Le Phan, Murnane, Conlin, White & Brandt, St. Paul, and Dean A. Morehous, Jr., Thelen, Marrin, Johnson & Bridges LLP, San Francisco, CA, for appellant.

Bethany K. Culp, Troy Alden Wolf, Oppenheiner, Wolff & Donnelly, St. Paul, for respondent.

Considered and decided by SHORT, P.J., and PARKER, and CRIPPEN, JJ.

## OPINION

SHORT, Judge.

In a declaratory judgment action to determine coverage issues, the insurer argues it had no duty to defend an employer against an employee's claims for injuries resulting from a workplace assault. On cross-motions for summary judgment, the trial court found a duty to defend because the underlying claims were potentially within the scope of coverage, but denied the employer's request for fees. Pursuant to Minn. R. Civ. P. 54.02, both parties appeal from the entry of judgment.

## FACTS

Vicki Mae Christian and Skylar Lynn Lipscomb worked under a service agreement for Seagate Technologies, Inc. (Seagate). They worked under different supervisors, and in distinct departments located in sepa-

rate physical areas at Seagate's manufacturing facility. In December 1992, Christian and Lipscomb began a personal relationship. When Lipscomb assaulted Christian at their home on May 5, 1993, Christian obtained an order for protection against Lipscomb. That order excluded Lipscomb from the parties' residence and ordered Lipscomb to have no further contact with Christian. Christian immediately informed Seagate's security department, human resources department, and her supervisor of the terms of the order for protection, and requested their support and assistance in enforcing the order.

Despite the order for protection, Christian claims Lipscomb continued to harass and intimidate her at work. When she complained to her supervisor at Seagate, Christian alleges she was told to look for another job because Lipscomb had more job seniority. On May 20, 1993, Lipscomb approached Christian's workstation as a Seagate engineer was working with Christian. The engineer told Christian that he would return when she "worked out her conflict" with Lipscomb. Christian went into the hallway with Lipscomb, where he repeatedly struck her with a closed fist, pushed her to the ground, and kicked her before running out of the building. As a result of the assault, Christian suffered a skull contusion, lacerations to the nose and lip, abrasions to the hands, and two black, swollen eyes.

On January 27, 1994, Christian sued Seagate and Lipscomb for negligent supervision and retention, violation of the Minnesota Human Rights Act, Minn.Stat. § 363.01 (1996), assault and battery, and negligent infliction of emotional distress. On March 1, 1994, Seagate tendered its defense to St. Paul Fire & Marine Insurance Company (the insurer) under a standard commercial general liability policy. The insurer declined to defend Seagate because it concluded Christian's claims did not constitute an "event" and were excluded under the employer's liability and intentional bodily injury exclusions. Christian's claims were eventually settled for $15,000.

The insurer commenced this declaratory judgment action to determine coverage. Seagate claims it incurred attorney fees and litigation costs of $71,000 in the underlying action, and $160,000 in the declaratory judgment action. On cross-motions for summary judgment, the trial court concluded: (1) the insurer was obligated under the insurance contract to provide a defense as a matter of law; and (2) Seagate's billing statements were "replete with unnecessary, repetitive, and abusive billing practices," and there was "no option" but to deny Seagate's entire request for attorney fees.

## ISSUES

I. Did the insurer have a duty to defend Seagate in the underlying case?

II. Is Seagate entitled to attorney fees and costs incurred defending the underlying and coverage actions?

## ANALYSIS

 On appeal from a grant of summary judgment, this court determines whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. Minn. R. Civ. P. 56.03; *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We view the evidence in the light most favorable to the nonmoving party, and do not defer to the trial court's application of the law. *Offerdahl*, 426 N.W.2d at 427; *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). The interpretation and construction of an insurance policy is a matter of law that the trial court properly determines on summary judgment, and we review de novo. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 886–87 (Minn.1978).

### I.

 An insurer's duty to defend is contractual. *Meadowbrook, Inc. v. Tower Ins. Co., Inc.*, 559 N.W.2d 411, 415 (Minn.1997) (citing *Inland Constr. Corp. v. Continental Cas. Co.*, 258 N.W.2d 881, 883 (Minn.1977)). The duty to defend is broader than the duty to indemnify, and exists where any part of the claim is arguably within the scope of the policy. *Meadowbrook, Inc.*, 559 N.W.2d at 415 (citations omitted). To determine wheth-

er there is a duty to defend, we compare the allegations in the underlying complaint with the relevant language in the insurance policy. *Ross v. Briggs & Morgan,* 540 N.W.2d 843, 847 (Minn.1995). The insurer has the burden of proving all allegations in the underlying claim fall clearly outside the scope of coverage. *Jostens, Inc. v. Mission Ins. Co.,* 387 N.W.2d 161, 165–66 (Minn.1986).

The policy provides in pertinent part:

We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury, property damage or fire damage that: happens while this agreement is in effect; and is caused by an event.

\* \* \* \* \* \*

Event means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \* \*

We won't cover bodily injury to an employee arising out of and in the course of his or her employment by a protected person.

We are asked to determine whether the policy provisions preclude coverage for a workplace assault between two employees [1] who were involved in a personal relationship with a history of domestic violence.

■ Christian's complaint alleges Seagate: (1) owed a duty to keep the workplace free of unreasonable danger and threat of physical harm; and (2) breached its duty by allowing Lipscomb access to Christian's work area, and by failing to investigate her complaints, or to take remedial or disciplinary actions against Lipscomb as a result of Christian's complaints. Each of Christian's claims is based on the existence of an employer/employee relationship. *See* Minn. Stat. § 363.01, subd. 41(3) (1996) (providing hostile environment claims available in context of employment, public accommodations, public services, education, or housing); *see also Ponticas v. K.M.S. Investments,* 331

N.W.2d 907, 910 (Minn.1983) (holding doctrine of negligent retention arose out of common law fellow-servant law that imposed duty on employers to select employees who would not endanger fellow employees by their presence on job); *Bruchas v. Preventive Care, Inc.,* 553 N.W.2d 440, 443 (Minn. App.1996) (holding liability for negligent supervision of employee is imposed under theory of respondeat superior and is based on tortious act committed in scope of employment). Moreover, Christian's claims are based on conduct occurring in the workplace during office hours, while Christian and Lipscomb were employees of Seagate. *Cf. Maine State Academy of Hair Design, Inc. v. Commercial Union Ins. Co.,* 699 A.2d 1153, 1158 (Me.1997) (holding employment exclusion did not eliminate potential for coverage where complaint fails to allege all injuries arose out of employment). Given these undisputed facts, we conclude Christian's bodily injury "arose out of" and occurred "in the course of" her employment by Seagate and the employer's liability exclusion precludes coverage. *See Meadowbrook, Inc.,* 559 N.W.2d at 420 (holding no coverage for employee's claims for sexual harassment because employee's injuries directly related to creation of hostile work environment and therefore arose in course and scope of employee's employment); *see also Ottumwa Hous. Auth. v. State Farm Fire & Cas. Co.,* 495 N.W.2d 723, 727 (Iowa 1993) (holding employee's claims barred by employee exclusion clause because all employee's theories based on conduct allegedly occurring at workplace during employment and resulting in injuries and damages); *Foley v. Honeywell, Inc.,* 488 N.W.2d 268, 272 (Minn.1992) (holding injuries occur in course of person's employment when they occur on employer's premises, and during hours of service).

■ Seagate argues Christian's claims do not stem from her employment, but were caused by personal animosity. *See Fernandez v. Ramsey County,* 495 N.W.2d 859, 860–

---

1. At all relevant times, Christian and Lipscomb were "employees" of Seagate. *See* Henry Campbell Black, et al., *Black's Law Dictionary* 525 (6th ed.1990) (defining employee as person in service of another under any contract for hire, express or implied, oral or written, where employer has power or right to control and direct employee in material details of how work is to be performed); *see also Bob Useldinger & Sons, Inc. v. Hangsleben,* 505 N.W.2d 323, 328–29 (Minn.1993) (holding unambiguous language in insurance policy must be given its plain and ordinary meaning).

61 (Minn.App.1993) (concluding workers' compensation statute requires employers to pay compensation in every case of personal injury or death of an employee arising out of and in course of employment unless injury caused by act of third person or fellow employee intending to injure employee because of personal reasons). However, the phrase "arising out of" does not mean the employment must be the proximate cause of the injury. *Foley*, 488 N.W.2d at 271; *see also Hanson v. Robitshek–Schneider Co.*, 209 Minn. 596, 599, 297 N.W. 19, 21 (1941) (holding phrase "arising out of" expresses factor of source or contribution rather than cause in sense of being proximate or direct). Rather, the question is whether Christian's injuries follow as a result of the exposure occasioned by the nature of her employment at Seagate. *See United Fire & Cas. Co. v. Maw*, 510 N.W.2d 241, 245 (Minn.App.1994) (holding employee's injuries arose out of his employment because employment subjected him to increase of injury); *Helton v. Interstate Brands Corp.*, 155 Ga.App. 607, 609, 271 S.E.2d 739, 741 (Ga.Ct.App.1980) (holding employee's injuries due to assault and kidnapping in employer parking lot "arose out of" and occurred "in the course of" employee's employment when conditions of employee's employment not only provided time and place for assault, but actually contributed to an increase in risk of attack).

It is undisputed the conditions of Christian's employment provided the time and place for the assault. Moreover, Lipscomb's access to Christian at her workstation and Seagate's failure to investigate or take steps to stop Lipscomb's harassment of Christian increased the risk of Christian being assaulted by Lipscomb. Under these circumstances, Christian's claims fit within the employer's liability exclusion. *See Utica Mut. Ins. Co. v. Emmco Ins. Co.*, 309 Minn. 21, 29, 243 N.W.2d 134, 139 (1976) (concluding general unanimity among courts where named insured or additional insured seeks coverage for injury to his own employee, employee exclusion applies); *cf. Ross*, 540 N.W.2d at 846, 848 (holding no insurance coverage for claims alleging breach of contract because insurance policy provision excludes coverage for advertising injuries resulting from failure of protected person to do what is required by contract). As a matter of law, there is no duty to defend because no part of Christian's cause of action is within the scope of coverage. Because Christian's claims "arose out of" and occurred "in the course of" her employment by Seagate, we need not address the insurer's argument that those injuries were not caused by an "event" or "accident." *See Meadowbrook, Inc.*, 559 N.W.2d at 418 (holding employee's claim is covered only if it meets each of following three conditions: (1) it is claim for bodily injury, (2) that was caused by an occurrence, and (3) injury does not "arise out of" and occur "in course and scope of employment" by insured).

II.

▮ When a trial court makes specific findings of fact regarding the reasonableness of attorney fees, those findings will not be set aside unless clearly erroneous. *Bucko v. First Minn. Sav. Bank*, 471 N.W.2d 95, 99 (Minn.1991). Seagate argues the trial court abused its discretion by denying its motion for attorney fees and litigation costs. Because we conclude the insurer is under no duty to defend, Seagate is not entitled to attorney fees and litigation costs. *See American Standard Ins. Co. v. Le*, 551 N.W.2d 923, 927 (Minn.1996) (holding attorney fees are recoverable in declaratory judgment action only if insured has breached insurance contract, which can occur by wrongfully refusing to defend insured).

**DECISION**

The employment conditions at Seagate provided the time and place for Lipscomb's assault, and contributed to Christian's bodily injuries. As a matter of undisputed fact and law, the employer's liability exclusion precludes insurance coverage under this standard commercial general liability policy. Under these circumstances, the insurer owed no duty to defend, and Seagate is not entitled to attorney fees or litigation costs.

**Affirmed in part, reversed in part.**